UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMION J. DUPCLAY,<br>Petitioner,<br>v.<br>BRYAN DONAHOO,<br>Respondent. | Case No. 26-cv-03130-RFL (PR)<br>**ORDER DISMISSING PETITION WITH LEAVE TO AMEND;**<br>**ORDER GRATING APPLICATION TO PROCEED IN FORMA PAUPERIS;**<br>**INSTRUCTIONS TO CLERK**<br>Dkt. No. 11 |

## INTRODUCTION

Petitioner Damion J. Dupclay seeks federal habeas relief from his California state convictions under 28 U.S.C. § 2254. The petition for habeas relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

The petition is DISMISSED with leave to amend because Dupclay's claims are limited by his no contest pleas. Accordingly, on or before **November 2, 2026**, Dupclay shall file a second amended petition that states cognizable claims. Failure to file a proper second amended petition on or before November 2, 2026 will result in the dismissal of this federal habeas action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

## BACKGROUND

Dupclay entered into a plea agreement with the state. The state appellate court summarized the procedural history of the state proceedings:

> After the preliminary hearing at which he was held to answer on all charges, Dupclay ultimately entered into a plea arrangement on September 24, 2018. As is particularly relevant here, the prosecutor stated his understanding of the plea

> arrangement at the hearing as follows: '[Dupclay] will be pleading guilty or no contest to Count One, a violation of Penal Code Section 187 *first degree* for a sentence of 25 to life. In addition, he'll be admitting the personal use of a firearm clause pursuant to Penal Code Section 12022.5 for the mid-term of four years, which would be a total of 29 to life.' (Italics added.) He would also be pleading guilty or no contest to counts two and three, for which he would receive concurrent mid-term sentences of two years. When asked if he understood everything the prosecutor said, Dupclay responded, 'Yes' and agreed he had talked to his attorney about the plea at length. He then pleaded no contest to counts one through three and admitted the use enhancement.
>
> On January 28, 2019, Dupclay was sentenced in accordance with his plea deal. Specifically, he received a sentence of 25 years to life for first degree murder, with a consecutive four years for the gun use enhancement, a total of 29 years to life. Concurrent eight-month sentences were imposed with respect to counts two and three. No appeal was taken.

*People v. Dupclay*, No. A171880, 2025 WL 3041794, at *3 (Cal. Ct. App. Oct. 31, 2025). His state petition for resentencing under California Penal Code § 1172.6 (pursuant to the changes created by Senate Bill 1437) was denied by the Alameda County Superior Court with prejudice. *Id.* at *5. His appeal of that denial was unsuccessful. *Id.* at *7.

Dupclay has filed two federal petitions in this action, of which the second (Dkt. No. 9) will be considered the operative petition in this action. (Dkt. Nos. 5 and 9.)

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, Dupclay claims with no factual elaboration that (1) he was "illegally sentenced"; (2) there was a "violation of constitutional rights"; and (3) his "conviction [was] based on theory." (Am. Pet., Dkt. No. 9 at 5.) For factual support, Dupclay simply states "Court transcripts." (*Id.* at 9.) Such unadorned claims cannot proceed.

"Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994). Habeas Rule 2(c) requires that a petition (1) specify all grounds of relief available to the petitioner; (2) state the facts supporting each ground; and (3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of a constitutional error. *Mayle v. Felix*, 545 U.S. 644, 655 (2005) ("Habeas Corpus Rule 2(c) is more demanding" than the notice pleading standards of Rule 8(a)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Also, Dupclay's plea agreement poses another barrier to his claims proceeding as stated. After a defendant has entered a plea of guilty, the only challenges left open on federal habeas corpus review concern the (i) voluntary and intelligent character of the plea and (ii) adequacy of the advice of counsel. *Tollett v. Henderson*, 411 U.S. 258, 266, 267 (1973).[1] In California, the legal effect of a plea of nolo contendere to a felony is considered the same as that of a plea of guilty for all purposes. Cal. Pen. Code § 1016.

Dupclay's present claims do not concern the voluntary and intelligent character of the plea or the adequacy of the advice of counsel. Accordingly, the amended petition is DISMISSED with leave to file a second amended petition that contains cognizable claims. He may also include any habeas claim regarding the denial of his resentencing petition.

[1] There are exceptions to this general bar. For example, a defendant who pleads guilty still may raise in habeas corpus proceedings the very power of the state to bring him into court to answer the charge brought against him, *see Haring v. Prosise*, 462 U.S. 306, 320 (1983) (citing *Blackledge v. Perry*, 417 U.S. 21, 30 (1974)), and may raise a double jeopardy claim, *see id.* (citing *Menna v. New York*, 423 U.S. 61 (1975)).

Dupclay mentions other claims in an attachment to the petition. (Am. Pet., Dkt. No. 9 at 7-8.) These claims include alleged errors at his preliminary hearing, denial of a motion to suppress interrogation statements, insufficient evidence, and that his attorney had a conflict of interest. (*Id.*) While he can raise claims regarding the adequacy of counsel's advice to plead guilty, the remaining claims are based on pre-plea events, and are therefore barred. A defendant who pleads guilty cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before the plea of guilty. *See Haring v. Prosise*, 462 U.S. 306, 319-20 (1983) (guilty plea forecloses consideration of pre-plea constitutional deprivations).

Dupclay has filed several letters in which he raises various claims and asks for various forms of relief. This is not the proper method to raise claims or ask for relief. (Dkt. Nos. 12-14, 18-19.) Any claims and requests for relief must be raised in the second amended petition, not by way of a letter or any other method. If they are not raised in the second amended petition, they will not be addressed.

**CONCLUSION**

The amended petition is DISMISSED with leave to file a second amended petition that cures the deficiencies identified in this order. The second amended petition must be filed on or before **November 2, 2026**. The second amended petition must appear on this Court's form, a copy of which will be sent to him. The second amended petition must include the caption and civil case number used in this order (26-07686 RFL (PR)) and the words SECOND AMENDED PETITION must be written on the first page. Because any amended petition completely replaces the previous petitions, Dupclay must include in his second amended petition all the claims he wishes to present. He may not incorporate any material from the prior petitions by reference. Failure to file a proper second amended petition on or before November 2, 2026, will result in the dismissal of this federal habeas action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

It is Petitioner's responsibility to prosecute this case. He must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Dupclay's motion to proceed in forma pauperis is GRANTED. (Dkt. No. 11.) The Clerk shall terminate Dkt. No. 11.

The Clerk shall amend the docket to reflect that Bryan Donahoo, the Warden of California Medical Facility, wherein Dupclay is housed, is the sole respondent in this action. Donahoo is the sole proper respondent in this action, as he is the custodian having day-to-day control over petitioner, the only person who can produce "the body" of the petitioner. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (quoting *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986)).

**IT IS SO ORDERED.**

**Dated:** September ___, 2026

RITA F. LIN
United States District Judge